**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Pedro Baez, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-cv-16888 |
| v. | ) ) | Honorable  Elaine E. Bucklo |
| Direct Trucking Corp., d/b/a Sparc Transport, and Edward Kim, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants, Direct Trucking Corp., d/b/a Sparc Transport ("Sparc") and Edward Kim ("Kim"), by and through their undersigned counsel, for their Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), state as follows:

**SUMMARY**

On December 18, 2023, Plaintiff filed a five count Complaint against the Defendants Sparc and Kim. (Dkt. No. 1). The first two counts relate to Defendants' alleged violation of the Illinois Wage Payment and Collection Act ("IWPCA") for making unlawful deductions (Count I) and failing to reimburse expenses (Count II).

The remaining counts, Unjust Enrichment (Count III), Negligent Misrepresentation (Count IV) and Fraudulent Inducements (Count V), arise from certain Installment Sales Contract dated August 20, 2021. Plaintiff alleges that Sparc made a false representation of material fact to induce Plaintiff to enter the Installment Sales Contract to purchase a truck from Sparc, and

deceived Plaintiff to retain both Plaintiff's payments and the truck itself resulting in unjust enrichment.

The Installment Sales Contract at issue, however, was entered between Sparc and a corporation called PA Baez Transportation, Inc., organized under the laws of Illinois and for which Plaintiff served as president. The Plaintiff did not individually execute the Installment Sales Contract and was never to personally gain ownership of the truck. Plaintiff's allegation that *he* entered the Installment Sales Contract relying on Defendants' alleged misrepresentation, and suffered damages, is demonstrably false. Plaintiff's claim, that Defendants' retention of both the payments and the truck is unjust and is to *his* detriment, is also false because PA Baez Transportation, Inc, not Plaintiff, was the party who had rights to the truck under the Installment Sales Contract and gave up possession of the truck. Plaintiff's causes of action for Unjust Enrichment, Negligent Misrepresentation and Fraudulent Inducements fail as a matter of law and must be dismissed.

Furthermore, in order for Plaintiff to invoke diversity jurisdiction of this Court, he has to plead that his claim could reach the amount in controversy threshold of $75,000. Yet, the Complaint does not contain factual allegations from which it can be determined that the Plaintiff's claims satisfies the amount in controversy requirement. The Plaintiff does not specify the amount of claimed damages, seeks restitution of truck payments made under the Installment Sales Contract which he has no right to sue for, and does not provide any supporting proof or factual allegations. Plaintiff has failed to allege the required jurisdictional amount of controversy. The Court should dismiss this action for lack of federal jurisdiction.

## Legal Standard

A motion to dismiss pursuant to Rule 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the Plaintiff's favor." *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). Jurisdiction based on diversity exists if the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). The party invoking the jurisdiction bears the burden of proving jurisdictional facts by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir.2006). A party must do more than "point to the theoretical availability of certain categories of damages." *Am. Bankers Life Assur. of Fla. v. Evans,* 319 F.3d 907, 909 (7th Cir.2003). When a defendant challenges the amount in controversy, the plaintiff must support his assertion with "competent proof." *McMillian v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 844 (7th Cir.2009).

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the Court generally accepts as true all well-pleaded facts in the plaintiff's complaint and must construe the complaint in the light most favorable to the plaintiff. *Zahn v. N. Am. Power & Gas, LLC,* 847 F.3d 875, 877 (7th Cir. 2017).However, a court may consider documents that are central to a plaintiff's complaint even if the plaintiff opted to not attach them as exhibits. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss

3

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are

central to her claim.") citing *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 739

n.12 (7th Cir. 1986), *cert. denied,* 482 U.S. 915 (1987); *Field v. Trump,* 850 F.2d 938, 949 (2d

Cir. 1988), *cert. denied,* 489 U.S. 1012 (1989); and *Fudge v. Penthouse Inter., Ltd.,* 840 F.2d

1012, 1015 (1st Cir.), *cert. denied,* 488 U.S. 821 (1988). To survive a motion to dismiss pursuant

to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### Argument

I. Counts III, IV and V must be dismissed as Plaintiff has no interest in the truck,
personally suffered no damages, and has no right to bring such claims against the Defendants.

Plaintiff's claims for Unjust Enrichment (Count III), Negligent Misrepresentation (Count

IV) and Fraudulent Inducements (Count V) are based on the following allegations:

> - When Plaintiff began to work for Sparc, he did not have his own truck so he entered
> into an Installment Sales Contract with Sparc to purchase a truck. (Compl. ¶30)
>
> - In compliance with the Installment Sales Contract, Plaintiff made monthly payments
> toward the truck. (*Id*. at ¶33).
>
> - The Installment Sales Contract did not state that Plaintiff needed to continue driving
> with Sparc in order to purchase the truck and Sparc never disclosed to Plaintiff that he
> would only be able to use the truck to make deliveries for Sparc. It was Plaintiff's
> understanding that he was making payments toward the purchase of the truck, and
> that once full payment is made, he would own the truck outright. (*Id*. at ¶34).
>
> - However, when Plaintiff stopped working for Sparc, Sparc refused to allow him to
> use the truck to work for another company, and Plaintiff, therefore, had to return the
> truck, for which he had paid thousands of dollars to Sparc (*Id*. at ¶¶35,36).

Contrary to the Plaintiff's allegations, the Installment Sales Contract was between Sparc

and PA Baez Transportation, Inc. ("PA Baez, Inc."). (See Declaration of Ryan Park ("Park Decl.")

attached hereto as Exhibit 1, Ex. A., p.1). Documents that a defendant attaches to a motion to

dismiss are considered part of the pleadings can be reviewed by the Court for a motion based on

Fed. R. Civ. Pro.12 if they are referred to in the plaintiff's complaint and are central to his claim. *Globe Life Ins. Group, Inc.,* 805 F.2d at 739 n.12.

The Installment Sales Contract identifies PA Baez, Inc. as the purchaser and reveals that Plaintiff signed the Installment Sales Contract on behalf of PA Baez, Inc. (Ex.1, Park Decl., Ex. A, pp.1 and 7). The Plaintiff did not personally enter the Installment Sales Contract with Sparc and was never to become the owner or have any right to the truck under the Installment Sales Contract. *Id.* Plaintiff's claim that he executed the Installment Sales Contract relying on Defendants' alleged misrepresentation, and consequently suffered damages, is demonstrably false. As a purchaser under the Installment Sales Contract, PA Baez, Inc., and not the Plaintiff, had rights to the truck necessary to claim damages for the alleged loss of possession of the truck. Plaintiff never had any rights to the truck, and was never entitled to possession of it such that he cannot claim Defendants' possession of both the payments and the truck is unjust to his detriment[1].

The Illinois Secretary of State's website indicates that PA Baez, Inc is an Illinois corporation established in 2017, and the Plaintiff served as its president. See Exhibit 2. The website further indicates that PA Baez, Inc. was administratively dissolved on March 10, 2023. PA Baez, Inc.'s dissolution in 2023 does not give the Plaintiff, whether he is an officer or shareholder, a right to bring claims on behalf of PA Baez, Inc. The Illinois Business Corporation Act ("BCA") provides that a dissolved corporation continues to exist for winding up and liquidation purposes, retains title to its assets, and can sue or be sued. 805 ILCS 5/12.30. The

---

[1] This is not the place for the Defendants to generally present evidence about the falsity of most of the Plaintiff's allegations. Nonetheless, the Defendants strongly reject the allegation at paras. 34-36 of the Plaintiff's Complaint that the Defendants required the Defendant or *anyone* to "return the truck" after the Plaintiff's relationship with the Defendants ended. It is noteworthy that the Plaintiff has suspiciously used vague assertions and refrained to even provide a hint about how the Defendants could have "refused to allow" anyone to use the truck that the Plaintiff claims he was using.

5

BCA further provides that "dissolution of a corporation shall not take away nor impair any civil remedy available to...such corporation...for any right to claim existing...if...commenced within five years after the date of such dissolution." 805 ILCS 5/12.80.

"Illinois follows the widespread rule that an action for harm to the corporation must be brought in the corporate name."*Frank v. Hadesman & Frank, Inc.,* 83 F.3d 158, 160 (7th Cir. 1996). "A shareholder has no right to seek damages for an injury to a corporation, even if he is the sole shareholder." *Creek v. Vill. Of Westhaven*, 80 F.3d 186, 191 (7th Cir. 1996).

The real party in interest under the Installment Sales Contract is PA Baez, Inc., not Plaintiff, and less than a year has passed since its dissolution. Plaintiff, therefore, has no right to pursue claims against the Defendants based on the Installment Sales Contract. Counts III, IV and V must be dismissed.

II. All Counts should be dismissed because Plaintiff fails to plead sufficient facts to satisfy the amount in controversy requirement.

Plaintiff seeks to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. To do so, he must show that his claim satisfies the requirement of an amount in controversy in excess of $75,000. Here, the Complaint makes no allegations in support of the required amount in controversy except for a mere conclusory allegation that "Plaintiff's claims, with interest and statutory penalties, exceed $75,000." (Compl., ¶8). In fact, Plaintiff has not claimed any amount at all in damages.

Plaintiff's prayer for relief includes unpaid wages, restitution of unlawful deductions and truck payments, reimbursement of operating expenses, attorneys' fees, and statutory penalties. (Compl., ¶13). Alleging that the jurisdictional requirement is satisfied, based on the fact that Plaintiff seeks to recover for unpaid wages, restitution of unlawful deductions and truck payments, reimbursement of operating expenses, attorneys' fees, and statutory penalties, in

unspecified amounts, is conclusory. A party must do more than "point to the theoretical

availability of certain categories of damages." *Evans,* 319 F.3d at 909. General assertions of

damages, unsupported by any facts or evidence of specific injury, do not suffice. *Ganjavi v.*

*Smith,* No. 06 C 4189, 2007 WL 2298375, at \*4 (N.D.Ill. July 31, 2007).

The Complaint fails to provide proof or factual allegations from which it can be

determined that Plaintiff's claim satisfies the amount in controversy requirement. Plaintiff does

not specify the amount of claimed damages, he seeks restitution of truck payments made under

the Installment Sales Contract which he has no right to sue for, and does not provide supporting

proof or factual allegations. It is not apparent on the face of the Complaint that more than

$75,000 is in controversy, and Plaintiff does not set forth any facts in an attempt to meet this

burden. The Court should dismiss this action for lack of federal jurisdiction.


WHEREFORE, for the foregoing reasons, Defendants Direct Trucking Corp., d/b/a

Sparc Transport and Edward Kim respectfully request this Court to enter an order dismissing

Plaintiff's Complaint and grant such other relief this Court deems just and proper.


Respectfully Submitted,

Direct Trucking Corp., d/b/a Sparc
Transport and Edward Kim


/s/ Byung H. Whang
Byung H. Whang
Attorney for Defendants
B.H. Whang and Associates, Ltd.
1545 Waukegan Road, Suite 1-1
Glenview, IL 60025
Tel:847-517-3696
Email: brian@bhwhang.com

7