IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pedro Baez, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) Direct Trucking Corp., d/b/a Sparc Transport, ) and Edward Kim, ) ) Defendants. ) | Case No. 23-cv-16888<br><br>Honorable Elaine E. Bucklo |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS COMPLAINT**

Defendants, Direct Trucking Corp., d/b/a Sparc Transport ("Sparc") and Edward Kim ("Kim"), by and through their undersigned counsel, for their Reply in Support of their Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), state as follows:

<u>Plaintiff cannot satisfy all of the elements required to bring common law claims
and has no standing bring such claims</u>

The Plaintiff ignores the elements of the torts. The highlighted portions below identify the tort elements that he has not, and cannot plead given that the contract for the purchase of the truck was with PA Baez Transportation, Inc ("PA Baez"), and not himself. To state a claim for unjust enrichment under Illinois law, a "plaintiff must allege that the defendant has unjustly **retained a benefit to the plaintiff's detriment**, and that defendant's retention of the benefit violates fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.,* 656 F.3d 511, 516 (7th Cir. 2011). In order to state a claim for negligent misrepresentation under Illinois law, a party must allege:(1) a false statement of material fact; (2) carelessness or

1

negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; **(4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance**; and (6) a duty on the party making the statement to communicate accurate information. *First Midwest Bank, N.A. v. Stewart Title Guar. Co.,* 218 Ill.2d 326(2006). To plead fraudulent inducement claim, a plaintiff must allege: (1) a false statement of material fact, (2) knowledge or belief of the falsity by the party making it, (3) an intention to induce the other party to act, **(4) action by the other party in reliance on the truth of the statements, and (5) damage to the other party resulting from such reliance**. *Neptuno Treuhand-und Verwaltungsgesellschaft MBH v. Arbor,* 295 Ill. App. 3d 567, 575 (1998).

      Here, Plaintiff admits that the Installment Sales Contract was entered by the company, PA Baez, and the company executed the Installment Sales Contract. The Plaintiff's allegations that *he* entered the Installment Sales Contract with Sparc (and relied on Defendants' alleged misrepresentation, and suffered damages) is plainly false. Plaintiff's claim that Defendants' retention of both the payments and the truck is unjust and to *his* detriment is also false because he was never to become the owner the truck, or have any right to the truck individually, including possessory rights, under the Installment Sales Contract.[1] Plaintiff cannot claim that Defendants have unjustly retained a benefit to *his* detriment, and cannot satisfy the fourth and fifth elements of his negligent misrepresentation and fraudulent inducement claim. Counts III, IV, and V must be dismissed for failing to state claim under Rule 12(b)(6).

---

[1] Additionally, the plaintiff does not allege that installment payments were made after return of the truck or the truck is paid in full. Without such allegations, Plaintiff cannot claim that Sparc's retention of both the installment payments and truck violates fundamental principles of justice, equity and good conscience because payments made to Sparc were for PA Baez's use/possession of the truck.

Plaintiff contends that signing the Installment Sales Contract only on behalf of PA Baez and not being the party thereto personally does not bar him from bringing the common law claims because Plaintiff's common law claims, like his IWPCA claims, do not depend on the terms of the Installment Sales Contract. (Res. to Motion, p. 6). Plaintiff cites several cases in support thereof including *Hill v. Cargo Runner Co.*, 2023 WL 6213674(N.D. Ill. Sept. 25, 2023), *Latipov v. AN Enter., Inc.*, 2024 WL 474166(N.D. Ill. Feb. 7, 2024), *Johnson v. Diakon Logistics*, 2018 WL 1519157(N.D. Ill. Mar. 28, 2018) and *Brandon v. 3PD, Inc.*, 2014WL 11348998 (N.D. Ill. Aug. 6, 2014). The cases, however, do not provide him with help.

Those cases have nothing to do with the issue of whether a non-party to a contract can create standing to sue about a contract by voluntarily making a payment on someone else's behalf. The Plaintiff's cases cited involve the unique issue of whether an employer can defeat the very protections the legislature created for employees with the Illinois Wage Payment and Collection Act ("IWPCA") by insisting that individuals organize separate legal businesses that the employers then hire, thereby supposedly making the IWPCA irrelevant. As the cases note, the courts reject that stratagem for claims under the IWPCA.

In this case, however, what is at issue are claims based on commons law. The claims arise out of the transaction referenced in the Installment Sales Contract between Sparc and PA Baez. Requiring that the Plaintiff refrain from pursuing claims that are not his does not circumvent the remedy of the IWPCA. It is also noteworthy that we are not dealing with a situation where PA Baez was created at Sparc's request. PA Baez existed four years *before* both: (a) PA Baez bought a truck from Sparc; and (b) the Plaintiff's work for Sparc. Compare Complaint, ¶ 3 and Exhibit 2 of Defendants' Motion to Dismiss.

3

Plaintiff's standing to bring the common law claims does not involve or depend on his employee status under the IWPCA, or interpretation of any other statute. There is no statute that provides Plaintiff a right to bring such common law claims against Sparc independent of the terms of the Installment Sales Contract. Furthermore, Sparc has entered into an independent contractor service agreement with the Plaintiff personally and only entered the Installment Sales Contract for sale of a truck with PA Baez. Facts and issues and completely different and distinguishable from that of *Hill*, *Latipov*, *Johnshon* and other cases cited by Plaintiff. The holdings and reasoning therein are simply inapplicable and irrelevant in this case.

Lastly, Plaintiff argues that because he made payments for the truck, he has standing to recover these payments through his common law claims. It is not obvious how such allegation supports his position. He offers no legal authority and provides no other factual allegation to support standing. "Illinois follows the widespread rule that an action for harm to the corporation must be brought in the corporate name," *Frank v. Hadesman & Frank, Inc.*, 83 F.3d 158, 160 (7th Cir. 1996) and "[a] shareholder has no right to seek damages for an injury to a corporation, even if he is the sole shareholder." *Creek v. Vill. Of Westhaven*, 80 F.3d 186, 191 (7th Cir. 1996).

Said rulings are also known as the shareholder-standing rule. It"is a prudential limitation on standing, a strand of the standing doctrine that prohibits litigants from suing to enforce the rights of third parties." *Nocula v. UGS Corp.*, 520 F.3d 719-726 (7th Cir. 2008). "Under general principles of United States corporate law, as well as under Illinois law, a stockholder of a corporation has no personal or individual right of action against third persons for damages that result indirectly to the stockholder because of an injury to the corporation." *Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1194 (7th Cir. 1985); *see also Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336 (1990).

Here, the real party in interest under the Installment Sales Contract is PA Baez, not the Plaintiff. Plaintiff is pursuing common law claims that are PA Baez's, and seeks to recover the damages that may be only recovered by PA Baez. Unlike the allegations in the complaint, Plaintiff admits he is a non-party to the Installment Sales Contract and the complaint lacks specific allegation as to how and in what capacity the Plaintiff, as a non-party, may pursue common law claims arising out of the Sales Installment Contract and belonging to PA Baez. Counts III, IV and V must be dismissed.

<u>Plaintiff fails to meet his burden of establishing jurisdictional facts</u>

Plaintiff argues that his complaint provides ample support for his allegation that the amount in controversy exceeds $75,000. Plaintiff specifically points to the following allegations:

- He worked for Sparc for twenty-two months. Complaint, ¶ 7.

- He had thousands of dollars deducted from his pay each week for truck payments, insurance, tolls, and a fuel card. *Id*. ¶¶ 17-18.

- He was required to pay a $5,000 escrow to Defendants. *Id*. ¶ 19.

- He paid hundreds of dollars out-of-pocket each month in expenses which he incurred in the course of his work for Defendants. *Id*. ¶ 20.

- He made lease payments toward a truck which he thought he would own outright, and which he instead had to return to Defendants.

- His claims under the IWPCA entitle him to statutory interest of 5% per month, as well as reasonable attorneys' fees and costs Id. at Claim for Relief. (Res. to Motion, p. 8).

Plaintiff further claims in footnote 4 that the allegations in paragraphs 17 and 18 alone bring his claim above the $75,000 threshold because "Plaintiff had approximately 4,500.00 [sic] a month - or $99,000 over 22 months- deducted out of his pay." *Id*.

But Plaintiff's claim is significantly misleading. In paragraph 17 of the complaint, Plaintiff alleged only that "Defendants made deductions from his pay, which ***often*** came to

5

thousands of dollars per week." Compl. ¶ 17. He did not plead that he "had thousands of dollars deducted from his pay **each week** for truck payments."

Also, the party claiming federal jurisdiction bears the burden of establishing jurisdictional facts. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). If diversity jurisdiction is uncontested, federal courts accept the allegation of a sufficient amount in controversy. *Target Market Pub., Inc.* v. *ADVO, Inc.*, 136 F.3d 1139, 1142 (7th Cir. 1998) (citing *St. Paul Mercury Indemnity Co.* v. *Red Cab Co.,* 303 U.S. 283, 289(1938)). If the amount in controversy is contested, like in this case, the party invoking federal jurisdiction must provide "competent proof" of facts that determine that the amount is at least $75,000, meaning it must prove them by a preponderance of the evidence. *Meridian Sec. Ins. Co.*, 441 F.3d at 543 (7th Cir. 2006).). "Competent proof ... has been interpreted to mean a preponderance of the evidence or proof to a reasonable probability that jurisdiction exists." *NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir.1995) (quoting *Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir.1993)) (internal quotation marks omitted). A plaintiff may satisfy such burden through submission of affidavits or other evidence outside of the pleadings. *Meridian Sec. Ins. Co.*, 441 F.3dat 541-42.

Here, other than a vague statement in a footnote, Plaintiff does not introduce anything - no affidavit, nor evidence and certainly nothing even added to get him that satisfies his burden of providing jurisdictional facts by a preponderance of the evidence. The Complaint lacks factual allegations from which it can be determined whether Plaintiff's claim satisfies the amount in controversy requirement. Plaintiff does not specify the amount of claimed damages; he seeks restitution of truck payments made under the Installment Sales Contract which he has no right to sue for; and does not provide any supporting proof or evidence. It is not apparent on the face of

6

the Complaint that more than $75,000.00 is in controversy. His allegation is that the jurisdictional requirement is satisfied is conclusory. A party must do more than "point to the theoretical availability of certain categories of damages." *Evans,* 319 F.3d at 909. General assertions of damages, unsupported by any facts or evidence of specific injury, do not suffice. *Ganjavi v. Smith,* No. 06 C 4189, 2007 WL 2298375, at *4 (N.D. Ill. July 31, 2007). The Court should dismiss this action for lack of federal jurisdiction.

WHEREFORE, for the foregoing reasons, Defendants Direct Trucking Corp., d/b/a Sparc Transport and Edward Kim respectfully request this Court to enter an order dismissing Plaintiff's Complaint and grant such other relief this Court deems just and proper.

Respectfully Submitted,

Direct Trucking Corp., d/b/a Sparc Transport and Edward Kim

/s/ Byung H. Whang
Byung H. Whang
Attorney for Defendants
B.H. Whang and Associates, Ltd.
1545 Waukegan Road, Suite 1-1
Glenview, IL 60025
Tel:847-517-3696
Email: brian@bhwhang.com