IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pedro Baez, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Direct Trucking Corp., d/b/a Sparc Transport, and Edward Kim,<br><br>　　　　Defendants. | No. 23 CV 16888 |

Order
---

Pedro Baez worked full time as a delivery driver for defendant Sparc Transport for approximately two years, during which time he was allegedly misclassified as an independent contractor when in fact he was an employee, causing defendant to make unlawful deductions from his and the putative class's wages. Baez sues Sparc transport and its president and secretary, Edward Kim, under the Illinois Wage Payment and Collection Act for recovery of those unlawful deductions and for reimbursement of other expenses that he claims he and the class members were forced to bear. In addition, Baez brings claims under the Illinois common law of unjust enrichment, negligent misrepresentation, and fraudulent inducement based on allegations relating to a certain Installment

Sales Contract. Pursuant to the terms of that agreement, Baez made monthly payments to defendant toward the purchase of a truck he used for deliveries. Baez claims that he believed, based on the terms of the agreement and defendants' representations, that if he made all of the required monthly payments, he would eventually own the truck outright. Yet, when Baez stopped working for defendants, defendants kept both the truck and the payments Baez had made towards it, preventing Baez from using the truck to work for any other company and failing to acknowledge Baez's ownership interest in the truck.

Defendants have moved to dismiss the complaint, arguing among other issues that I lack subject matter jurisdiction because the complaint, which invokes my diversity jurisdiction, does not plausibly allege an amount in controversy exceeding $75,000. I agree that Baez's jurisdictional allegations are defective, but not for the reason defendants assert. Instead, they fail to allege complete diversity because they identify only the *residence* of defendant Kim, not his citizenship. This is not a trivial distinction or one that I may overlook. "We have been told by authority we are powerless to question that when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction." *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Steigleder v. McQuesten*, 198 U.S. 141 (1905); *Denny v.*

2

*Pironi*, 141 U.S. 121 (1891); *Robertson v. Cease*, 97 U.S. 646 (1878)).

Accordingly, plaintiff's complaint is dismissed without prejudice. Should plaintiff file an amended complaint correcting the jurisdictional deficiency noted above, he would be well advised to anticipate defendants' challenge to the amount in controversy and thus to ensure that his amended complaint includes specific facts sufficient to raise a plausible inference that an amount exceeding $75,000 is at stake. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence.").

                    **ENTER ORDER:**

                    _____
                    **Elaine E. Bucklo**
                    United States District Judge

Dated: May 16, 2024