UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEDRO BAEZ, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>DIRECT TRUCKING CORP. d/b/a SPARC TRANSPORT, and EDWARD KIM, )<br><br>Defendants. ) | Case No. 1:23-cv-16888 |

**FIRST AMENDED COMPLAINT**

**I.     INTRODUCTION**

1. This is an action brought on behalf of current and former delivery drivers challenging Defendant Direct Trucking Corp. d/b/a Sparc Transport ("Sparc Transport") unlawful practices. Plaintiff challenges Sparc Transport's unlawful practice of making deductions from delivery drivers' wages and requiring them to bear expenses which should have been properly borne by Sparc Transport. Plaintiff contends that, although he and other delivery drivers were classified by Sparc Transport as independent contractors, they were, in fact employees of Sparc Transport. Plaintiff also contends that Defendant Edward Kim is individually liable by virtue of his role within Sparc Transport, and his permitting Sparc Transport's unlawful classification and compensation practices.

2. Plaintiff alleges that, as a result of Defendants' policies, illegal deductions were made from his and other delivery drivers' wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9. Plaintiff also contends that Defendants unlawfully required him and others similarly situated to incur expenses that should have

1

properly been borne by Defendants in violation of 820 Ill. Comp. Stat. 115/9.5. Plaintiff brings these claims under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who provided delivery services for Sparc Transport between December 2013 and the present.

3. Plaintiff also brings, on his own behalf, claims for unjust enrichment, negligent representation, and fraudulent inducement. When he began work for Sparc Transport, Plaintiff did not have his own truck, and, on August 20, 2021, he entered into an Installment Sales Contract with Sparc Transport, under which he made monthly payments toward the truck. This contract did not state that Plaintiff needed to continue driving with Sparc Transport in order to purchase the truck. However, when Plaintiff stopped working for Sparc Transport, Sparc Transport refused to allow him to use the truck to work for another company. Plaintiff therefore had to return the truck, for which he had paid thousands of dollars, to Sparc Transport. Sparc Transport's actions in failing to disclose to Plaintiff the fact that he would only be able to use the truck to make deliveries for Sparc Transport constituted negligent misrepresentation and fraudulent inducement. Moreover, by collecting monthly payments for the truck, and then forcing Plaintiff to return the truck, Direct Trucking was unjustly enriched.

## II.     PARTIES

3. Defendant Direct Trucking Corp. d/b/a Sparc Transport ("Sparc Transport") is an Illinois corporation headquartered in Channahon, Illinois. Sparc Transport does business in Illinois, operates facilities in Illinois, and is registered with the Illinois Secretary of State.

4. Defendant Edward Kim ("Kim") is a citizen of the state of Illinois and is the President and Secretary of Sparc Transport. Kim possesses and exercises the authority to make or participate in decisions concerning drivers' compensation; implement and enforce rules affecting the material terms of drivers' work, employment, and compensation; hire drivers, supervise their work, and impose discipline on them.

5. Defendants jointly and severally are subject to the provisions of the IWPCA and are "employers" within the meaning of that statute.

6. Defendant Sparc Transport is a motor carrier that transports property in interstate commerce under authority issued by the United States Department of Transportation ("DOT"). Sparc Transport transports property in equipment leased by individual truck drivers, including Plaintiffs.

7. Plaintiff Pedro Baez is a citizen of Indiana. Baez provided delivery services for Sparc Transport in the State of Illinois as a delivery driver from approximately August 2021 to June 2023. During this time, Baez was classified as an independent contractor.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff resides in a different state from each of the Defendants, and because, taken individually, Plaintiff's claims, with interest and statutory penalties, exceed $75,000.

9. Specifically, and as set out further below, Plaintiff worked for Sparc close to two years, suffered deductions which were often in excess of a thousand dollars a week, and was required to incur out-of-pocket expenses totaling hundreds of dollars per month. These amounts, together with the 5% monthly statutory interest provided for by the IWPCA, 820 Ill. Comp. Stat. 115/14, are in excess of $75,000.00.

10. The Court has personal jurisdiction over Defendants because Defendant Edward Kim resides in Illinois, Defendant Sparc Transport is registered with the Illinois Secretary of State, Defendant Kim is named as President and Secretary of Sparc Transport in its filings with the Illinois Secretary of State, Defendants do business in the State of Illinois, and Defendants have expressly consented to personal jurisdiction in the State of Illinois and this judicial district.

11. The Court has personal jurisdiction over Plaintiff and the putative class members

3

because they have worked in Illinois for an Illinois employer.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to the claims set forth in this Complaint occurred in this judicial district.

## FACTUAL BACKGROUND

13. Plaintiff was hired by Sparc Transport to perform deliveries in Illinois and adjoining states. Plaintiff made deliveries in Illinois each week.

14. Plaintiff worked for Sparc Transport full time, up to 14 hours a day, 5 days a week. He did not work anywhere else while working for Sparc Transport.

15. Plaintiff was required to regularly check in with Sparc Transport's dispatchers to take their instructions as to which loads to haul, and where and when to pick up these loads.

16. Plaintiff was also required to comply with Sparc Transport's strict time constraints for deliveries and other instructions and was required to regularly report to Sparc Transport's staff and office in Illinois.

17. Plaintiff was paid on a percentage-of-the-load basis for the deliveries he made.

18. Throughout the course of Plaintiff's work for Sparc Trasport, Defendants made deductions from his pay, which often came to thousands of dollars per week. Plaintiff did not authorize these deductions.

19. For example, Defendants made deductions for truck payments, insurance, tolls, and a fuel card from Plaintiff's pay.

20. Plaintiff was also charged an "escrow" or "deposit" of $5,000.00, which Defendants deducted from his pay during his employment. Defendants never repaid this sum to Plaintiff.

21. In addition to the expenses that were unlawfully deducted directly from Plaintiff's pay, Defendants failed to reimburse Plaintiff for additional out-of-pocket expenses he incurred in order

4

to perform his duties, including cell phone payments, truck maintenance and repairs, and GPS, among others. Plaintiff's out-of-pocket expenses typically amounted to hundreds of dollars per month.

22. Sparc Transport exercised extensive control over the Plaintiff's and other similarly situated drivers' work, including the number of hours worked, the distance driven, and the deliveries performed by Plaintiff and other delivery drivers.

23. Defendant Kim exerted full control over Plaintiff's and other delivery drivers' working conditions. He dictated, controlled and ratified the wages paid, hours worked, and all related classification and compensation policies and practices for all drivers working for Sparc Transport.

24. Defendants required the Plaintiff and all other delivery drivers to submit to mandatory drug testing and a background check in order to start working for Sparc Transport.

25. Plaintiff and other class members were required to pick up their trailers from Sparc Transport's yard in Illinois.

26. Plaintiff and other class members were required to pick up and deliver freight for Sparc Transport in Illinois, and received directions regarding their deliveries from Sparc Transport's dispatchers and management team in Illinois.

27. Defendants controlled every aspect of their drivers', including Plaintiff's, work. Such control included, but was not limited to the following:

   a. Defendants required Plaintiff and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiffs' and other similarly situated drivers' duties.

   b. Plaintiff, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by Sparc Transport each day, at which time the

...
...
...

Plaintiff and other similarly situated drivers were provided with delivery assignments.

c. Sparc Transport instructed Plaintiff and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as the time frames for loading onto the equipment. Plaintiffs and other similarly situated drivers had and have no discretion with respect to which loads they would pick up or deliver or when. Additionally, Sparc Transport dictated the time by which each delivery must be made. Sparc Transport's dispatchers and supervisors also communicated with Plaintiff and similarly situated drivers while they were driving via telephone in order to convey instructions and otherwise oversee the drivers.

d. Plaintiff and other similarly situated drivers had GPS devices on their vehicles, which allowed Sparc Transport to track the drivers throughout the day.

e. Sparc Transport required Plaintiff and other similarly situated drivers to undergo background checks and drug testing prior to beginning work.

f. Sparc Transport subjected drivers, including Plaintiff, to a variety of deductions, including, but not limited to, deductions for insurance coverage, truck and trailer payments, and tolls.

g. If Plaintiff or other similarly situated drivers wished to take time off, Sparc Transport required them to give timely advance notice, with the Plaintiff and other similarly situated drivers disciplined or terminated for failure to provide such notice.

28. Sparc Transport required Plaintiff and putative class members to submit all bills of lading, logbooks, and other required paperwork to Sparc Transport's office in Illinois.

6

29. At no time during their employment were Plaintiff and other similarly situated drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and did not receive compensation or otherwise exchanged payment for their delivery other than being compensated by Sparc Transport and could not and did not negotiate any matters or bargains with any customers or brokers.

30. Plaintiff and other similarly situated truck drivers shared similar job titles, followed the same policies and practices, performed similar duties, and as a result of Defendants' common scheme of misclassification and applications of unlawful deductions, were similarly denied compensation in violation of the IWPCA.

31. When Plaintiff began work for Sparc Transport, Plaintiff did not have his own truck. Consequently, on August 20, 2021, he entered into an Installment Sales Contract with Sparc Transport.

32. Plaintiff was able to test drive his truck only in Sparc Transport's yard. Sparc Transport told Plaintiff that, if he had any issues with the truck, he could trade it in after a year.

33. After Plaintiff started making deliveries for Sparc Transport, he experienced serious mechanical issues with the truck. When he asked Sparc Transport to exchange his truck for a different one, Sparc Transport refused to do so.

34. In compliance with the Installment Sales Contract, Plaintiff made monthly payments toward the truck.

35. The Installment Sales Contract did not state that Plaintiff needed to continue driving with Sparc Transport in order to purchase the truck. Sparc Transport did not, at any point, disclose to Plaintiff that he would only be able to use the truck to make deliveries for Sparc Transport. It was Plaintiff's understanding, therefore, that he was making payments toward the

7

purchase of the truck, and that, once he completed these payments, he would own the truck outright.

36. However, when Plaintiff stopped working for Sparc Transport, Sparc Transport refused to allow him to use the truck to work for another company.

37. Plaintiff therefore had to return the truck, for which he had paid thousands of dollars, to Sparc Transport.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings Counts I and II this lawsuit against Defendants as a class action pursuant to Fed. R. Civ. P. 23 class action for and on behalf of the following classes, for which Plaintiff seeks certification:

   a. For the IWPCA deductions claim (Count I), all current and former delivery drivers who provided delivery services in the State of Illinois for Sparc Transport between December 2013 and the present.

   b. For the IWPCA expenses claim (count II) all current and former delivery drivers who provided delivery services in the State of Illinois for Sparc Transport between January 1, 2019 and the present.

39. This case may be maintained properly as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3).

40. The class is so numerous that joinder of all potential class members is impracticable. On information and belief, the class is comprised of more than one hundred drivers.

41. There are questions of law or fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include whether Defendants have misclassified drivers as independent contractors; whether Defendants have failed to pay

drivers promised wages; and whether Defendants have taken unlawful deductions from drivers' wages and forced drivers to incur expenses which should have properly been borne by Defendants.

42. The class claims asserted by Plaintiff are typical of the claims of potential class members. Defendants operate in a highly regulated industry that requires them to maintain standard operating procedures and uniform policies, procedures, and practices and adhere to laws and regulations governing motor carriers. Plaintiff's and class members' claims for unpaid wages and unlawful deductions should be readily calculable from Defendants' business records.

43. Plaintiff will fairly and adequately protect and represent the interests of the class. Their interest in challenging the unlawful practices of Defendants motivates them to bring this case as a class action.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The alternative numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy and the prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Defendants. Moreover, some class members particularly current drivers may be reluctant to bring their claims individually for fear of retaliation by Defendants.

45. Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by the IWPCA to drivers, whose individual claims may be too small to warrant the expense of litigation.

46. This class action will not be difficult to manage due to the uniformity of claims among the class members and the amenability of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

47. The contours of the class will be easily defined by reference to business records kept by Defendants.

## COUNT I
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT - DEDUCTIONS

48. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

49. At all relevant times, Plaintiff and the proposed class members were "employees" of Sparc Transport as defined by the IWPCA.

50. At all relevant times, Sparc Transport and Edward Kim were employers of Plaintiff and the proposed class as defined by the IWPCA.

51. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making deductions from employees' wages.

52. Sparc Transport violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiff's and the proposed class members' wages.

53. Edward Kim violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing Sparc Transport to make unlawful deductions from Plaintiff's and the proposed class members' wages.

54. Plaintiff and the proposed class members seek reimbursement for all unlawful deductions taken by Defendants from their wages.

## COUNT II
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT - EXPENSES

55. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

56. At all relevant times, Plaintiff and the proposed class members were "employees" of Sparc Transport as defined by the IWPCA.

10

57. At all relevant times, Sparc Transport and Edward Kim were employers of Plaintiff and the proposed class as defined by the IWPCA.

58. Sparc Transport violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiff and other class members who worked for it since January 1, 2019 for expenditures they incurred related to services performed for the Defendants from January 1, 2019 to the present.

59. Edward Kim violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting drivers to incur expenses related to their work for Sparc Transport that should have been borne by Defendants.

60. Plaintiff and the proposed class members seek reimbursement for all unlawful expenses they were forced to incur as part of their work for Defendants.

## COUNT III
## UNJUST ENRICHMENT

61. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

62. As a result of Sparc Transport's actions in entering into an Installment Sales Contract with Plaintiff, failing to disclose to Plaintiff that he would need to continue driving with Sparc Transport in order to maintain ownership of the truck, collecting monthly payments for the truck from Plaintiff, and forcing Plaintiff to return his truck to Sparc Transport, Sparc Transport was unjustly enriched.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

63. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

64. Sparc Transport made a false representation of a material fact to Plaintiff by failing to inform Plaintiff, when he entered into the "Installment Sales Agreement" with Sparc Transport,

11

that he would not own the truck outright, but instead would only be able to use the truck to make deliveries for Sparc Transport.

65. As a result of Sparc Transport's misrepresentation, Plaintiff was led to believe that, if he continued to make payments toward the truck, he would be able to use the truck as he chose, and would eventually own the truck outright.

66. Only when Plaintiff stopped working for Sparc Transport did Sparc Transport inform Plaintiff that he could only use the truck to make deliveries for Sparc Transport.

67. Sparc Transport intended to deceive Plaintiff so that it could retain both Plaintiff's monthly payments and the truck itself.

68. Plaintiff has suffered damages including, but not limited to, the amounts of the monthly payments he made toward the truck under the Installment Sales Agreement.

## COUNT V
## FRAUDULENT INDUCEMENT

69. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

70. Sparc Transport made a false representation of a material fact to Plaintiff by failing to inform Plaintiff, when he entered into the "Installment Sales Agreement" with Sparc Transport, that he would not own the truck outright, but instead would only be able to use the truck to make deliveries for Sparc Transport.

71. Sparc Transport knew that it had made a false representation to Plaintiff, and made this false representation in order to induce Plaintiff to enter into the Installment Sales Agreement and to make monthly payments to Sparc Transport under this agreement.

72. Plaintiff reasonably relied on Sparc Transport's misrepresentation, and was led to believe that, if he continued to make payments toward the truck, he would be able to use the truck as he chose, and would eventually own the truck outright.

73. Plaintiff has suffered damages including, but not limited to, the amounts of the monthly payments he made toward the truck under the Installment Sales Agreement.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Certification of this action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

B. Appointing Plaintiff Pedro Baez as class representative and his counsel as class counsel;

C. An order enjoining Defendants from violating the IWPCA;

D. All unpaid wages;

E. Restitution for all deductions taken from Plaintiff's and class members' wages;

F. Restitution for all Defendants' operating expenses that Plaintiff and class members were forced to bear;

G. Restitution of truck payments made by Plaintiff under the Installment Sales Contract;

H. An award to Plaintiff and the Rule 23 class of damages, statutory damages and penalties pursuant to the formula set forth in 820 Ill. Comp. Stat.115/14(a);

I. Pre-and post-judgment interest;

J. Attorneys' fees and costs, pursuant to the IWPCA; and

K. Any other relief as this Court deems just and proper.

Dated: May 23, 2024								Respectfully Submitted,

											PEDRO BAEZ, individually and
											on behalf of all others similarly situated,

											*Plaintiff*,

											By his attorneys,


											/s/ Bradley Manewith

											Bradley Manewith, IARDC # 6280535
											Lichten & Liss-Riordan, P.C.
											5 Revere Drive, Suite 200
											Northbrook, IL 60062
											Tel. (617) 994-5800
											Fax (617) 994-5801
											bmanewith@llrlaw.com


											Harold L. Lichten (*pro hac vice*)
											Olena Savytska (*pro hac vice*)
											Lichten & Liss-Riordan, P.C.
											729 Boylston Street, Ste. 2000
											Boston, MA 02116
											Tel. (617) 994-5800
											Fax (617) 994-5801
											hlichten@llrlaw.com
											osavytska@llrlaw.com


## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through the Court's ECF system this 23rd day of May, 2024.


											s/ Bradley Manewith

											Bradley Manewith