```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

Pedro Baez, individually and on  )
behalf of all others similarly   )
situated,                        )
                                 )
      Plaintiff,                )
                                 )
                                 )
  v.                             )  No. 23 CV 16888
                                 )
                                 )
Direct Trucking Corp., d/b/a     )
Sparc Transport, and Edward      )
Kim,                             )
                                 )
      Defendants.               )

## Order

The amended complaint in this case alleges that Pedro Baez worked full time as a delivery driver for defendant Sparc Transport for approximately two years, during which time he and a class of similarly situated workers were erroneously classified as independent contractors rather than as employees. As a result, defendants allegedly made unlawful deductions from his and the class members' wages. Baez sues Sparc and its president and secretary, Edward Kim, under the Illinois Wage Payment and Collection Act for recovery of those unlawful deductions other expenses.

In addition, Baez brings individual claims under the Illinois common law of unjust enrichment, negligent misrepresentation, and fraudulent inducement based on allegations relating to a certain Installment Sales Contract. Pursuant to the terms of that agreement, Baez made monthly payments to defendant toward the purchase of a truck he used for deliveries. Baez claims that he believed, based on the terms of the agreement and defendants' representations, that if he made all of the required monthly payments, he would eventually own the truck outright. Yet, when Baez stopped working for defendants, defendants kept both the truck and the payments Baez had made towards it, failing to acknowledge Baez's ownership interest in the truck, and preventing Baez from using it to work for any other company.

Defendants move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1), arguing that I lack subject matter jurisdiction because the complaint, which invokes my diversity jurisdiction, does not plausibly allege an amount in controversy exceeding $75,000. Additionally, defendants seek dismissal of Baez's individual common law claims under Rule 12(b)(6) on the ground that Baez has "no interest" in the Installment Sales Contract because he is not a party to that agreement, which is between Sparc and PA Baez Transportation, Inc., the now-

2

dissolved corporation of which Baez was president. The motion is denied for the following reasons.

Plaintiffs' jurisdictional allegations state: "Plaintiff worked for Sparc close to two years, suffered deductions which were often in excess of a thousand dollars a week, and was required to incur out-of-pocket expenses totaling hundreds of dollars per month. These amounts, together with the 5% monthly statutory interest provided for by the IWPCA, 820 Ill. Comp. Stat. 115/14, are in excess of $75,000.00." Defendants argue that these allegations are factually insufficient because they "fail[] to provide proof or factual allegations from which it can be determined that Plaintiff's claim satisfies the amount in controversy requirement." Mot., ECF 23 at 7. But defendants misunderstand the nature of plaintiff's pleading requirements.

"The relevant inquiry is not whether a recovery of more than $75,000 is likely but whether it is permissible under the applicable law." *Sykes v. Cook Inc.*, 72 F.4th 195, 207 (7th Cir. 2023). As the *Sykes* court explained,

> To meet the amount-in-controversy requirement, a plaintiff suing in federal court must allege in good faith that "the controversy entails a dispute over more than $75,000, exclusive of interests and costs." F.4th at 634 (citing 28 U.S.C. § 1332(a)). This requirement is not onerous. The plaintiff's allegations about the amount in controversy control unless the court concludes, "to a legal certainty," that "the face of the pleadings" demonstrates "that the plaintiff cannot recover" the jurisdictional

3

> minimum or that "the proofs" show that "the plaintiff never was entitled to recover that amount." *St. Paul Mercury*, 303 U.S. at 289, 58 S.Ct. 586. Put differently, the court has jurisdiction unless an award for the jurisdictional minimum would be legally impossible. *See Webb v. FINRA*, 889 F.3d 853, 859 & n.4 (7th Cir. 2018).

*Id*. at 205. Defendants offer nothing to suggest that it is legally impossible for plaintiff to recover the jurisdictional minimum based on the damages he alleges. I am satisfied that the amended complaint adequately pleads diversity jurisdiction.

Defendant's overarching argument as to whether plaintiff has sufficiently pled his common law claims, including his equitable claim for unjust enrichment, is that plaintiff has "no interest" in the truck that was the subject of the Installment Sales Contract because he was not party to that contract. This argument is unavailing. Plaintiff does not claim to have been injured by defendants' failure to perform their obligations under the contract. To the contrary, his injury resulted from circumstances he explicitly alleges the contract did *not* address--the scenario in which plaintiff was terminated and ceased working for Sparc before all installments had been paid.

True, the corporate entity was the truck's purchaser under the terms of the Installment Sales Contract, but Baez alleges (and defendants appear to acknowledge) that he made the required payments individually, and defendant accepted and retained these

4

payments. Accordingly, plaintiff has an individual interest in these funds regardless of who formally owns the truck, and he has a claim for their disgorgement if he can establish that defendants retained them unjustly, regardless of whether Sparc performed the contractual duties it owed to PA Baez Transportation, Inc. Similarly, Baez may be entitled to damages in tort if he can prove that he was fraudulently induced to enter into the Installment Sales Contract on the corporation's behalf, or that defendant made negligent misrepresentations in connection with that transaction, and that he suffered damages as a result. Because these claims are not for "harm to the corporation" arising out of its contract with Sparc, but rather for Baez's "distinct personal injury," *Frank v. Hadesman & Frank, Inc.*, 83 F.3d 158, 160 (7th Cir. 1996), defendants' argument that they may be pursued only by the corporation is unpersuasive.

As for defendant's argument that plaintiff's claims must be dismissed because he has not alleged facts directed to every element of those claims, the Seventh Circuit recently reiterated that the fact "[t]hat something must be proved (if plaintiff is to win) does not imply that it must be alleged in the complaint." *Thomas v. JBS Green Bay, Inc.*, No. 24-1404, ---F. 4th---, 2024 WL 4719251, at *2 (7th Cir. Nov. 8, 2024). In other words, plaintiff's allegations must be sufficient, taken together, to

5

make his claims plausible; he need not narrate facts directed to each element of those claims. The Amended Complaint satisfies that standard.

For the reasons above, the motion to dismiss is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 22, 2024