UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEDRO BAEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DIRECT TRUCKING CORP. d/b/a SPARC TRANSPORT, and EDWARD KIM, <br><br> Defendants. | Case No. 1:23-cv-16888 |

**PLAINTIFF'S MOTION FOR CONTEMPT AGAINST DEFENDANTS**

Plaintiff Pedro Baez, through his counsel, hereby moves this Court for entry of an order holding Defendants Direct Trucking Corp. d/b/a Sparc Transport and Edward Kim in contempt of this Court's Order, dated January 29, 2026, granting Plaintiff's Motion for Class Certification. (Dkt. 83). In support of this motion, Plaintiff states as follows:

1. On January 29, 2026, this Court certified a Rule 23 class of ""all individuals who entered into a contract with Sparc to perform delivery services; who personally made deliveries for Sparc fulltime between December 2013 and the present and who were classified as independent contractors." Dkt. 84, p. 2.

2. On February 6, 2026, counsel for Plaintiff reached out to counsel for Defendant, requesting an up-to-date class list and confirmation that the proposed Notice submitted by Plaintiff met with Defendants' approval. Plaintiff's counsel followed up again on February 13.

3. On the afternoon of February 13, counsel for Plaintiff and Defendants spoke by phone, and counsel for Defendants indicated they would be filing a motion for clarification of

1

the Court's Order no later than February 17, 2026. No such motion has been filed to date.

4. On February 24, 2026, and March 10, 2026 Plaintiff's counsel again followed up with counsel for Defendants, seeking an up-to date class list and approval of the proposed Notice. To date, Defendants' Counsel have not responded to these messages.

5. "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Shillitani v. United States, 384 U.S. 364, 370, (1966) (citing United States v. United Mine Workers of Am., 330 U.S. 258, 330–32 (1947)); see 18 U.S.C. § 401(3); Fed. R. Civ. P. 70(e)). "The district court has wide latitude to craft civil contempt sanctions to coerce obedience to the court's orders and compensate the plaintiff for losses." Teledyne Techs. Inc. v. Shekar, 739 F. App'x 347, 351 (7th Cir. 2018).

6. In order for a contempt order to enter, the Court must find that Defendant knowingly disobeyed a court order. See McDonald's Syst., Inc. v. Mason, 552 F.Supp. 707, 709 (N.D.Ill.1982). In this case, Defendants were notified of the Court's Order granting class certification, and received four separate reminders from Plaintiff's Counsel regarding the Notice and class list.

7. Given Defendants' violation of the Court's order, civil contempt, along with monetary fines is appropriate. See, e.g., Geiger v. Z-Ultimate Self Def. Studios LLC, 2016 WL 1247681, at *2, *4 (D. Colo. Mar. 30, 2016) (finding defendants in contempt for failure to produce complete contact information for collective action members after an order granting conditional certification, and ordering defendants to pay the cost of providing such additional notice to potential opt-in plaintiffs); Martin v. Partsbase, Inc., 2020 WL 7493130, at *3 (S.D. Fla. Nov. 30, 2020) (granting motion for contempt)

2

("Defendants' counsel shall update the names, addresses, telephone numbers, and emails of all current and former ISR consistent with this order and the order conditionally certifying the class."); Pineda v. Skinner Services, Inc., 2020 WL 5775160, at *4 (D. Mass. Sept. 28, 2020) (defendants were found in civil contempt of the Court's protective order prohibiting retaliation against employees for participating or assisting in the ongoing litigation by terminating an opt-in plaintiff; the Court awarded front and back pay and reasonable attorneys' fees); Portz v. St. Cloud State U., 470 F. Supp. 3d 979, 992-993 (D. Minn. 2020) (awarding plaintiffs $20,000 in compensatory damages based on defendant university's failure to comply with preliminary injunctions).

WHEREFORE the Court should enter a civil contempt order against Defendants for failure to comply with the January 29, 2026 Order granting class certification.

Dated: March 12, 2026

Respectfully Submitted,

PEDRO BAEZ, individually and
on behalf of all others similarly situated,

*Plaintiff*,

By his attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com

3

Harold L. Lichten (*pro hac vice*)
Olena Savytska (*pro hac vice*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

<b><u>CERTIFICATE OF SERVICE</u></b>

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through the Court's ECF system this 12th day of March, 2026.

                                                          s/ Olena Savytska

                                                          Olena Savytska