IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Pedro Baez, individually and on behalf of all others similarly situated, Plaintiff, | ) | |
| v. | ) | No. 23 CV 16888 |
| Direct Trucking Corp., d/b/a Sparc Transport, and Edward Kim, Defendants. | ) | |

Order

Pedro Baez is a delivery truck driver who claims on behalf of himself and a class of other drivers that their employer, defendant Direct Trucking, and its president, Edward Kim, misclassified them as independent contractors in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115, et seq. (the "IWPCA").[1] As a result of the misclassification, plaintiff and the class (to whom I will refer collectively as "plaintiffs" for ease of reference) were subjected to unlawful deductions from their pay

[1] Baez also asserts individual claims under the Illinois common law of unjust enrichment, negligent misrepresentation, and fraudulent inducement based on allegations relating to a certain Installment Sales Contract. Those claims are not presently at issue.

and were forced to bear business expenses that should have been defendants' responsibility. Following discovery and class certification, plaintiff filed a motion for partial summary judgment to resolve the question of whether plaintiffs fall within the statute's definition of "employee." Because I conclude that they do, I grant the motion.

"The IWPCA provides a broad definition of what constitutes an "employee" using a three-prong test commonly referred to as an ABC test." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1050 (7th Cir. 2016). Under this test, an individual who is "permitted to work by an employer in an occupation," is considered an employee unless the individual is "(1) 'free from control and direction over the performance of his work, both under contract of service with his employer and in fact,' (2) 'performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer,' *and* (3) 'in an independently established trade, occupation, profession, or business.'" *Brown v. Select One, Inc.*, ---F. Supp. 3d. ---, 2026 WL 2030753, at *4 (N.D. Ill. May 7, 2026) (quoting 820 ILCS 115/2) (emphasis in *Brown*). The test is conjunctive, so unless an employer – who bears the burden of proof on the issue, *Griffitts Const. Co. v. Dep't of Lab.*, 390 N.E.2d 333, 335 (Ill. 1979) – can satisfy each prong, the individual "must be classified as an employee for purposes of the IWPCA," *Costello*, 810 F.3d at 1050.

Plaintiffs argue that no reasonable jury could conclude on the undisputed evidence that defendants have satisfied *any*, much less all, of the ABC prongs. Here are some of the undisputed facts[2]:

- Plaintiffs worked full-time, and exclusively, for Direct Trucking, averaging 50-70 hours per week, and/or 14 hours per day for 5-7 days a week. *See* Pls.' Exh. H (Benavides Decl.), ECF 96-8 at ¶¶ 6-7; Exh. I (Bailes Decl.), ECF 96-9 at ¶ 7; Exh. J (Jones Decl.), ECF 96-10 at ¶ 7; Exh. K (Rodriguez Decl.), ECF 96-11 at ¶ 7; Exh. L (Sanchez Decl.), ECF 96-12 at ¶ 7; Exh. M (Baez Decl.), ECF 96-13 at ¶ 6-7.

- Plaintiffs were required to undergo background checks, driving record checks, and drug tests before starting work for Direct Trucking. ECF 96-8 at ¶ 4; ECF 96-9 at ¶ 4; ECF 96-10 at ¶ 4; ECF 96-11 at ¶ 4; ECF 96-12 at ¶ 4; ECF 96-13 at ¶ 4.

[2] The parties frequently respond to each other's L.R. 56.1 statements with such unhelpful statements as "[d]isputed in part," or "[a]greed in part, but deny any implication that...," or "denied in part because...," or "[a]greed but..." before proceeding to arguments that spin the facts to their liking. As I have frequently reminded litigants, "the purpose of L.R. 56.1—which requires the parties to set forth and respond to concise factual statements, and to identify the specific portions of the record that support their assertions—is to assist courts in determining which facts are material and genuinely in dispute." *Grabianski v. Bally Total Fitness Holding Corp.*, 169 F. Supp. 3d 785, 788 (N.D. Ill. 2015) (citing cases). Responses such as those just described subvert rather than advance that purpose. Further, "L.R. 56.1 submissions are not the proper venue for presenting legal arguments or for developing whatever 'spin' the parties wish to place on the facts." *Grabianski*, 169 F. Supp. 3d at 788 (citing cases). The parties ignore this principle, too. For present purposes, I deem admitted all properly supported facts that are not properly disputed in the manner prescribed by L.R. 56.1, regardless of how the parties formulate their responses. *See Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000) ("we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.").

- Plaintiffs received their delivery assignments from Direct Trucking dispatchers, who contacted them throughout the day to check on the progress of their deliveries. ECF 96-8 at ¶ 8; ECF 96-9 at ¶ 8; ECF 96-10 at ¶ 9; ECF 96-11 at ¶ 8; ECF 96-12 at ¶ 8; ECF 96-13 at ¶ 8.

- Plaintiffs used "electronic logging devices" to "keep[] true and accurate track of each driver's working time," which they reported to Direct Trucking. Exh. A (Kim Dep.), ECF 96-1 at 35:19-36:1.

- The trucks plaintiffs used for deliveries bore Direct Trucking's logo and DOT number. ECF 96-8 at ¶ 5; ECF 96-9 at ¶ 5; ECF 96-10 at ¶ 5; ECF 96-11 at ¶ 5; ECF 96-12 at ¶ 5; ECF 96-13 at ¶ 5.

- Plaintiffs did not negotiate their pay but were paid rates set by Direct Trucking. ECF 96-8 at ¶ 6; ECF 96-9 at ¶ 6; ECF 96-10 at ¶ 6; ECF 96-11 at ¶ 6; ECF 96-12 at ¶ 6; ECF 96-13 at ¶ 9.

As plaintiffs correctly observe, courts in this district have held that even in the presence of factual disputes concerning issues such as whether drivers can decline delivery assignments, facts such as those above support the conclusion, as a matter of law, that they are "employees" for purposes of the IWCPA. *See, e.g.*, *Brown*, 2026 WL 2030753, at *5 (granting summary judgment in delivery drivers' favor, observing that "[a] trucking company that provides transportation services cannot exist without its delivery drivers," and undisputed evidence established "that the class members' work was performed both in [defendants'] usual course of business and at its usual places of business."); *Tsybikov v. Dovgal*, 2023 WL 4029823, at *1 (N.D. Ill. June 15, 2023) (entering summary judgment for delivery drivers based on undisputed evidence

that the drivers "receive delivery instructions from Defendants' dispatchers, and must report periodically to Defendants as to progress on deliveries and pickups," and that the drivers "must have Defendants' logos on their delivery trucks," observing that the drivers' "trade as delivery drivers is obviously the same as that of the Defendants, i.e., delivery of cargo."). *See also* *Prokhorov v. IIK Transp., Inc.*, No. 20 CV 6807, 2024 WL 3694523, at *9 (N.D. Ill. Aug. 7, 2024), *reconsideration denied*, No. 20 CV 6807, 2024 WL 6870247 (N.D. Ill. Oct. 18, 2024) (granting summary judgment in favor of truckers "who performed work in [the defendant's] usual course of business (freight delivery), and they did not perform work outside of [the defendant's] place of business (which includes delivery routes).").

Nothing in defendants' opposition to plaintiff's motion offers a basis for departing from these courts' analyses and conclusions. Defendants start off poorly, suggesting incorrectly that *plaintiffs* bear the burden of establishing their status as employees, rather than the reverse. *See* Opp., ECF 102 at 1 ("Plaintiffs have not and cannot meet their burden of establishing that they are employees and thus subject to" the IWPCA). Things go from bad to worse as defendants point to the parties' "independent contractor agreements" as putative evidence of their status under the IWPCA. "The test for employee status under the Act does not depend on (and often disregards) contractual designations."

*Johnson v. Diakon Logistics, Inc.*, 44 F.4th 1048, 1053 (7th Cir. 2022). To put a finer point on it, because "the critical test for determining whether plaintiffs count as employees for purposes of the Act comes from the statute rather than a contract," the independent contract agreement at issue "is irrelevant, no matter what it says." *Id.*

Also irrelevant are the *reasons* defendants offer for the elements of control they concededly exercise over plaintiffs' work. Defendants acknowledge, for example, that Direct Trucking "follows protocols" to ensure that its drivers are competent and covered by insurance, and that the trucks they drive bear Direct Trucking's logo and DOT numbers so that rail yards and customers can identify "who is responsible for any removal of loads and damage to property." Resp., ECF 102 at 3-4. But *why* Direct Trucking exercises control over its drivers "is irrelevant to the inquiry under Prong A." *DaSilva v. Border Transfer of MA, Inc.*, 377 F. Supp. 3d 74, 94 (D. Mass. 2019) (analyzing the Massachusetts Wage Act's materially identical test). Indeed, Illinois courts have held that where the record contains "indicia of control" by the employer, such as requiring drivers to submit medical examinations and drug tests, monitoring their locations during the workday, and imposing delivery deadlines, the fact that "some of these requirements were mandated by federal regulations...does not diminish the fact that [the employer] had control over [the

worker's] activities."). *Steel & Mach. Transp., Inc. v. Illinois Workers' Comp. Comm'n*, 33 N.E.3d 674, 683–84 (Ill. App. Ct. 2015) (analyzing employment relationship under Workers Compensation Act).

Defendants' argument peters out entirely at the third prong of the analysis. The totality of their argument reads:

> An independent contractor is also known as an "owner-operator" which is a recognized business. SOAF, No. 1. The federal government recognizes the trade as legitimate. 29 CFR Parts 500, 795, and 825 95. How could there be any dispute? The Plaintiff cites to authority addressing the Unemployment Compensation Act. It's irrelevant.

Resp., ECF 102 at 6. To the extent these statements can be construed as argument, they lack any meaningful substance. For one thing, that federal regulations recognize "owner-operator" as a "trade" says nothing about whether plaintiffs are owner-operators, and defendants offer no evidence in that connection. For another, defendants' cavalier statement that certain unspecified authorities are "irrelevant" ignores decisions such as *O'Malley v. Udo*, 198 N.E. 3d 323 (Ill. App. Ct. 2022), in which Illinois courts have relied on the "almost identical language" used in the Unemployment Insurance Act[3] to apply the IWPCA's ABC test. *Id.* at 336 (citing *AFM Messenger Serv., Inc. v. Dep't of Emp. Sec.*, 763

[3] I assume that the Illinois Unemployment Insurance Act, 820 ILCS 405, is what defendants meant by the "Unemployment Compensation Act."

N.E.2d 272, 283 (Ill. 2001)). In short, defendants' five-sentence argument concerning the third prong of the ABC test is both unsubstantiated and unreasoned.

For the foregoing reasons, plaintiffs' motion for partial summary judgment is granted.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: August 3, 2026