**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Pedro Baez | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-16888 |
| | ) | |
| v. | ) | Hon. Elaine E. Bucklo |
| | ) | |
| Direct Trucking Corp. d/b/a Sparc Transport and Edward Kim, | ) | Hon. Gabriel Fuentes |
| | ) | |
| Defendants. | ) | |

**Defendant's Motion to Clarify Prior Order**

The Defendants, Direct Trucking Corp. and Edward Kim, by their attorneys, James ("Bert") Zaczek and Byung Whang, state for their Motion to Clarify Prior Order:

**Background**

Among other things, the Plaintiff's case involves allegations that truck drivers who Direct Trucking classified as "contractors" were nonetheless employees and, therefore, expenses like tolls and fuel should not have been deducted from their pay because it violated 820 ILCS 115/9 of the Illinois Wage Payment Collection Act. On January 29, 2026, the Court granted class certification pursuant to Fed. R. Civ. Pro. 23(a) and 23(b)(3). Dkt. No. 84. On August 3, 2026, the Court granted the Plaintiff's motion for partial summary judgment concluding that the "contractor" drivers were actually employees. Dkt. No. 109.

**Issue for Clarification**

The Defendants seek to know whether the Court's decision to certify a class implicitly resolved their contention that the monies deducted from the "contractor's" pay is not necessarily a damage. The Defendants raised the issue when they argued that class certification was not appropriate because they contend that the issue of damages must be decided individually for each

class member, i.e., that class issues did not predominate over any questions affecting only individual members. The Defendants argued that during the time relevant to this case, it used both "contractor" drivers like the Plaintiff whose wages were reduced for things like insurance and fuel, but also used employee drivers whose pay was not reduced for such expenses. Direct Trucking contends that the gross pay for the contractor drivers was deliberately greater than the gross pay for employee drivers to offset for the deductions that would be made. See Defendants' Response to Plaintiff's Motion for Class Certification, Sec. III(a) and IV. Dkt. No. 77. Direct Trucking contends that the deductions resulted in actual damages would only be appropriate if the pay for individual "contractor" drivers was lower than the pay of employee drivers for the same routes.

The discussion was limited to its impact on class certification. It was not discussed for any other aspect of the case. The Court did not expressly say that it was deciding the issue. The Defendants do not believe the Court resolved the issue. And it certainly was not necessary to resolve because, as the Court noted, commonality is satisfied if there is just a *single* common question of law or fact. Dkt. No. 84, p. 4. Obviously, there was at least one major common issue of law here – were the "contractor" drivers employees under Illinois law.

The Court has now concluded that the "contractor" drivers were employees. But as the parties attempt to settle this case, the issue of damages is necessarily a main factor. The Defendants believe that in trying to resolve this case, it would help to know definitively whether the Court's conclusion about class certification implicitly rejected the Defendants' position that deducting expenses from "contractor" drivers' pay does not result in actual damage if their pay exceeded that of the employee drivers by an amount at least equal to the deductions.

The Defendants are not asking the Court to decide the issue of damages now. The only issue the Defendants seek to resolve is whether the Court has already decided the issue.

**Wherefore**, the Defendants, Direct Trucking Corp. and Edward Kim request that the Court clarify whether its class certification decision that rejected their contention that class issues did not predominate over any questions affecting only individual members implicitly decided that employees have been damaged by deductions from their wages even if they were also paid an amount at least equal to the deductions and were thus were paid at least as much as the drivers classified as employees.

Respectfully submitted,

**Direct Trucking Corp. and Edward Kim**

By: /s/ James Zaczek

Bert Zaczek
Amy Pikarsky
311 N. Aberdeen, Suite 200-D
Chicago, IL 60607
T: 312-527-1090
bert@bzlegal.net
amy@bzlegal.net
Attorney ID 6217079